## THE CHICAGO AND ALTON RAILROAD CO.

*v.*

## JAMES W. GASAWAY.

1. CONSTITUTIONAL LAW—*bringing Texas cattle into this State.* The constitutionality of the act to prevent the importation of Texas or Cherokee cattle into this State, approved Feb. 27, 1867, has been frequently affirmed and recognized by this court in numerous cases, and as there is nothing in the amendment to that act, approved April 16, 1869, to which the reasoning in these cases is not equally applicable, it seems that the question of the constitutionality of the amendment is settled.

2. RAILROAD COMPANY—*liable for injury occasioned by bringing Texas cattle into this State.* A railroad company is not bound, as a common carrier, to receive for transportation that which the law prohibits it from carrying, and it is liable for any injury occasioned by its bringing Texas or Cherokee cattle into this State as such common carrier, the same as an individual is.

3. And whether a railroad company acts in good or bad faith in violating the law, the extent of the injury resulting from the violation to the property of individuals or other corporations is manifestly the same, and the burden should be borne by the party whose act causes or contributes to the loss or injury, rather than by the owner who is without fault.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. WILLIAMS, BURR & CAPEN, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The constitutionality of the "Act to prevent the importation of Texas or Cherokee cattle into the State of Illinois,"

approved February 27, 1867, was affirmed in *Yeazel* v. *Alexander et al.* 58 Ill. 255, *Stevens* v. *Brown*, id. 289, and *Summerville* v. *Marks*, id. 371, and it has been recognized in numerous subsequent cases. Since, therefore, there is nothing in the amendment to that act, approved April 16, 1869, under which the present case arose, to which the reasoning in those cases is not equally applicable, it can not be profitable to consume further time in the discussion of the question thus settled.

The principle, as applicable to the case before us, is briefly this : Plaintiff, who has violated no law, has suffered a pecuniary loss, which was produced, in part, by the unlawful act of the defendant railroad company as a common carrier, and this loss must be borne by it rather than by him.

It is contended, however, that appellant, as a common carrier of cattle, was bound to receive all offered for transportation, unless it knew, or had reasonable grounds to know, that the stock offered were such as are prohibited by statute ; that if the statute shall be regarded as a police regulation, it does not impose upon railroad companies the duties of policemen to enforce the law, and even if it does, they can not be held for an unintentional violation, unless guilty of such carelessness as amounts to a wilful injury.

Appellant, as a common carrier, was not bound to receive for transportation that which the law prohibited it from carrying, and it must be held to act, in this respect, at its peril. The law assumes, that Texas and Cherokee cattle are distinguishable from other cattle, and we infer, from the evidence, that such is the fact. And, under the 9th section of the amendatory act referred to, in permitting the shipment of such cattle, when they shall have been introduced into either the States of Kansas, Missouri, Nebraska, Iowa or Wisconsin, prior to the first of January, before being brought into this State, it is provided the official certificate of the county clerk of the county where such cattle have been wintered shall be *prima facie* evidence of that fact. The duty is not, as seems to be supposed, imposed on railroad companies to act as

police, to enforce the law, any further than their own conduct is concerned. They are simply required, as are all individuals, to obey the law. Whether a railroad company acts in good or bad faith in violating a law, the extent of the injury resulting from the violation to the property of individuals or other corporations is manifestly the same; and there can be no great hardship, as well as no violation of the constitution, in requiring, in case of loss of or injury to property, the burden shall be borne by the party whose act caused or contributed to the loss or injury, rather than by the owner, who was without fault.

Although the evidence was conflicting on material points, we can not say that it so decidedly preponderated against the plaintiff's right to recover as to justify a reversal for that cause.

Some objection was taken to the verdict, upon the ground that the evidence does not sustain the allegations in the declaration.

We think the evidence sufficiently sustains the allegations in the third count of the declaration, and as the verdict finds the defendant guilty under that count, it was sufficient to authorize the judgment, and it is unimportant whether the other counts were proved or not.

We perceive no error in the record for which the judgment should be reversed, and it is, therefore, affirmed.

*Judgment affirmed.*