| 77 | 197 |
|-----|-----|
| 131 | 328 |

| 77 | 197 |
|-----|-----|
| 214 | 636 |

# THE SANGAMON DISTILLING COMPANY *et al.*

*v.*

# FRANCES YOUNG.

1. TEXAS CATTLE—*in action for infection, kind of disease not material.* The statute of 1867 prohibiting the bringing of Texas or Cherokee cattle into this State, gives to any person injured in consequence of such cattle the right to recover of the person bringing such cattle into the State all

damages or loss which may be occasioned, resulting *in any manner* from their being brought into the State contrary to its provisions. The statute is not limited to disease of any particular kind, nor to any mode by which it may be communicated.

2. SAME—*nothing but gross negligence on the part of the plaintiff bars a recovery.* The bringing of Texas or Cherokee cattle into this State being prohibited by law, nothing less than gross negligence on the part of a plaintiff whose cattle become infected in consequence thereof, will defeat his right of recovery.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

This was an action on the case, by Frances Young, against the Sangamon Distilling Company and Joseph B. Greenutt, to recover damages resulting from the infection of plaintiff's cattle with disease from Texas and Cherokee cattle of the defendants.

Messrs. STUART, EDWARDS & BROWN, for the appellants.

Messrs. HAMILTON & RICE, and Messrs. MATHENY & McGUIRE, for the appellee.

Per CURIAM: This was an action on the case, to recover for alleged injuries to native cattle, by Texas cattle brought into the State in violation of the act of 1867 prohibiting the bringing of Texas or Cherokee cattle into this State.

It is argued, there is a variance between the allegations and proofs in this: It is not alleged, in any count of the declaration, that the Texas cattle were diseased, or that appellants had any knowledge that they were diseased, but the proof all tends to show that appellee's cattle were infected from sick or diseased Texas cattle. We do not think the variance material. The statute is not limited to disease of any particular kind, nor to any mode by which it may be communicated. It embraces "all damage or loss which may be occasioned to any person or persons, resulting *in any manner* from any Texas or Cherokee cattle" being brought into

or owned in the State in violation of its provisions.  (Gross' Stat. of 1869, p. 16, sec. 19.)

It is also insisted that the court erred in instructing the jury that the appellee would not be barred from recovering without proof of gross negligence on her part.  This question was passed on in *Somerville* v. *Marks*, 58 Ill. 372, where it was contended on behalf of the appellant that he was guilty of such contributory negligence as should bar his right to recover, but it was overruled.  It was there said : "In this case appellant had no right to bring into, or to have in possession in the State, the cattle prohibited.  Proof of either of these facts made him a wrong-doer—a wilful violator of the law; for he is presumed to know the law.  On the other hand, appellee had the lawful right to own his cattle, put them in his pasture, or permit them to roam at large.  The one owned property by the permission of the law ; the other had in his possession property condemned by the law as infectious and dangerous.  *  *  *  Any ordinary negligence on the part of appellee would not bar his right of recovery; nothing less than gross negligence would do so."

In the other questions discussed, we are of opinion there is no such error, either of law or fact, as calls upon us to reverse the judgment and remand the case to another jury. We do not think appellants were seriously prejudiced by the instructions given at the instance of appellee, and the evidence does not so decidedly preponderate in favor of appellants as to justify a reversal purely on that ground.

The judgment is affirmed.

*Judgment affirmed.*