## THE STATE OF KANSAS V. C. A. SAUNDERS.

INTER-STATE COMMERCE; *Constitutional Law; Act of 1876, Relating to "Birds."* Section 6 of the act of the legislature of Kansas of 1876, entitled "An act for the protection of birds," so far as it prohibits the transportation from Kansas to other states of prairie chickens which have been lawfully caught and killed, and have thereby lawfully become the subjects of traffic and commerce, is unconstitutional and void, being in contravention of that provision of section 8 of article 1 of the federal constitution, which declares that "the congress shall have power to regulate commerce among the several states."

### Appeal from Cherokee District Court.

AN information was filed against *Saunders*, charging among other things, that, on the 8th of November 1876, *Saunders* was the agent at Columbus, in Cherokee county, of the Adams Express Company, a common carrier, and as such agent was then and there acting for said company, and then and there as such agent "knowingly and unlawfully did receive and ship prairie chickens which had been recently killed as game," to be transported by said express company from said Columbus, Cherokee county, to the city of Chicago, in the state of Illinois, etc. Trial at the January Term 1877 of the district court. *Saunders* admitted the facts as alleged, but contended that such acts constituted no offense, claiming that §6 of ch. 82 of the laws of 1876, for the alleged violation of which the proceedings against him were commenced, was unconstitutional and void. The district court held the

statute valid, and, a jury being waived, found the defendant guilty, and sentenced him to pay a fine of "ten dollars, and costs of prosecution, and to stand committed until such fine and costs be paid." From such conviction and sentence *Saunders* appeals to this court.

*A. A. Harris,* and *W. H. Spencer,* for appellant.

*D. M. McKenney,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution for an alleged violation of section 6 of the act of the legislature of the state of Kansas of 1876, entitled, "An act for the protection of birds." (Laws of 1876, pp. 183, 184.) It seems that the defendant, as the agent of the Adams Express Company, on the 8th of November 1876, shipped by said express company from Columbus, Cherokee county, Kansas, to Chicago, Illinois, four prairie chickens, which prairie chickens had previously and recently been killed as game. Said prairie chickens were not caught or killed in violation of any law, but were caught and killed at a time and in a manner allowed by law. The provision of said act which it is claimed that the defendant violated reads as follows:

> Chapter 82, Laws of 1876.

"SEC. 6. It shall be unlawful for any person, railroad corporation or express company, or any common carrier, knowingly to transport or to ship, or to receive for the purpose of transporting or shipping, any of the animals, wild fowls, or birds, mentioned in this act, *in or out of the state of Kansas;* * * * and any agent of any such person, corporation, or company, who shall knowingly violate the provisions of this section by receiving or shipping any such game as the agent of such person, corporation, or company, shall, on conviction thereof, be fined in a sum not less than ten nor more than fifty dollars; * * * *provided,* that such penalty shall not apply to the transportation of such birds and animals in transit through this state from other states and territories."

The defendant claims that said act is unconstitutional and void so far as it has any application to this case; *first,* because

it is in violation of that clause of section 16 of article 2 of the constitution of Kansas, which declares that "no bill shall contain more than one subject, which shall be clearly expressed in its title;" *second,* because it is in violation of that provision of section 8 of article 1 of the constitution of the United States, which declares that "the congress shall have power * * * to regulate commerce * * * among the several states."

I. Of course, said act of the legislature is unconstitutional and void so far as it relates to any *animal* except "birds;" and how the inhibition against the transportation of living birds would promote "the protection of birds," is not altogether clear. The birds transported in this case were however dead; and it is supposed by the prosecution that the prevention of the shipping or transportation of dead birds would in some manner "protect birds," and therefore that the act, so far as it prohibits the shipping of dead birds (although the birds are lawfully taken and killed,) is constitutional and valid. We shall not decide this question however, but shall pass to the next question.

*Subjects not expressed in title of act.*

II. Section 8 of article 1 of the federal constitution provides among other things that, "the congress shall have power * * * to regulate commerce with foreign nations, among the several states, and with the Indian tribes." Ever since the adoption of this provision, the judges of the supreme court of the United States seem to have been groping their way cautiously, but darkly, in endeavoring to ascertain its exact meaning, and the full scope of its operation. They have many times construed it, but as yet have hardly fixed its boundaries, or its limitations. They have no doubt generally construed it correctly, but some of their decisions with reference thereto seem to be conflicting and contradictory, and scarcely one of such decisions has been made without a dissenting opinion from one or more of the judges. We think however that amidst all their conflicts and wanderings they have finally

*Inter-state commerce, subject to federal control only.*

settled, among other things, that no state can pass a law (whether congress has already acted upon the subject or not,) which will directly interfere with the free transportation, from one state to another, or through a state, of anything which is or may be a subject of inter-state commerce. (Case of *The State Freight Tax*, 15 Wallace, 232, and cases there cited. See also in this connection, *Welton v. The State of Missouri*, 91 U. S. 275; *Henderson v. Mayor of N. Y.*, 92 U. S. 259; *Chy Lung v. Freeman*, 92 U. S. 275; *Ward v. Maryland*, 12 Wallace, 418.) This view of the law does not prevent a state from passing proper sanitary laws, or any proper law for the protection or preservation of life, liberty, health, or property. Nor does it in any case prevent a state (in the absence of congressional legislation upon the subject,) from passing laws for any proper purpose where such laws only indirectly and remotely interfere with inter-state commerce. (*State Texan Railway Gross Receipts*, 15 Wallace, 284; *Sherlock v. Alling*, 93 U. S. 99. See also, in connection with this and the foregoing propositions, the following Texas-Cattle cases, to-wit: *Chicago & Alton Rld. Co. v. Gasaway*, 71 Ill. 570; *Sangamon Distilling Co. v. Young*, 77 Ill. 197; *Wilson v. Kas. City, St. Jos. & C. B. Rld. Co.*, 60 Mo. 184, 216; *K. P. Rly. Co. v. McCoy*, 8 Kas. 538.) For instance, a law which prohibits the catching and killing of prairie chickens, may be valid, although it may indirectly prevent the transportation of such chickens from the state to any other state; but a law which allows prairie chickens to be caught and killed, and thereby to become the subject of traffic and commerce, and at the same time *directly* prohibits their transportation from the state to any other state, is unconstitutional and void. The federal constitution seems to give to congress the absolute and unqualified power to regulate inter-state commerce; and it has frequently been said that this power is exclusive; and it is certainly exclusive within the limits hereinbefore mentioned. In the case of *Welton v. The State of Missouri*, 91 U. S. 275, 282, it is said, that "the fact that congress has not seen fit to prescribe any specific rules to

*States may enact sanitary laws.*

govern inter-state commerce, does not affect the question. Its inaction on this subject, when considered with reference to its legislation with respect to foreign commerce, is equivalent to a declaration that inter-state commerce shall be free and untrammeled." But qualifying this language to some extent, it is said in the case of *Sherlock v. Alling*, 93 U. S. 99, 104, that "it may be said generally, that the legislation of a state, not directly against commerce, or any of its regulations, but relating to the rights, duties, and liabilities of citizens, and only indirectly and remotely affecting the operations of commerce, is of obligatory force upon citizens within its territorial jurisdiction, whether on land or water, or engaged in commerce, foreign or inter-state, or in any other pursuit." We think that said section 6, so far as it has any application to this case, is unconstitutional and void.

The judgment of the court below will therefore be reversed, and cause remanded for further proceedings.

All the Justices concurring.