(February 12, 1890.)

## TERRITORY v. EVANS.

[23 Pac. 115.]

CONSTITUTIONAL LAW—SHIPPING DAMS, NETS, SEINES, FISH-TRAPS, ETC., OUT OF THE TERRITORY—COMMERCE BETWEEN STATES.—Section 7193 of the Revised Statutes of Idaho, prohibiting the exportation of fish from this territory, being in conflict with section 8, article 1, of the constitution of the United States, providing for the regulation of commerce between the states, is void.

(Syllabus by the court.)

APPEAL from District Court, Second District.

Hawley & Reeves, for Appellant.

Penal statutes must be construed strictly, and cannot be extended by implication, or beyond the legitimate import of the words used. (*United States v. Gooding,* 12 Wheat. 460; *Rawson v. State,* 19 Conn. 299; *Martin v. Hunter,* 1 Wheat. 326; *People v. Tisdale,* 57 Cal. 104; *Stuart v. Allen,* 16 Cal. 473,

76 Am. Dec. 551; *Hankins v. People,* 106 Ill. 628; *Pacific v. Seifert,* 79 Mo. 210; *Chase v. Railroad Co.,* 26 N. Y. 523.) Our legislative assembly may perhaps be able to entirely prohibit by statute the catching or transportation of fish, as a proper exercise of the police powers of the territory, but cannot make it lawful to transport and sell fish within the territory and a crime to do so beyond its boundaries. (*In re Barber,* 39 Fed. 641; *Harvey v. Huffman,* 39 Fed. 646; *Swift v. Sutphin,* 39 Fed. 630; *Gibbons v. Ogden,* 9 Wheat. 1; *Bowman v. Railway Co.,* 125 U. S. 465, 8 Sup. Ct. Rep. 689, 1062; *Ward v. Maryland,* 12 Wall. 418; *Henderson v. Mayor,* 92 U. S. 259; *Mugler v. Kansas,* 123 U. S. 623, 8 Pac. 273; *Railway Co. v. Husen,* 95 U. S. 465; *Walling v. Michigan,* 116 U. S. 446, 6 Sup. Ct. Rep. 454; *In re Watson,* 15 Fed. 511; *Smith v. Turner,* 7 How. 283; *Brown v. Houston,* 114 U. S. 622, 5 Sup. Ct. Rep. 1091.)

Richard Z. Johnson, Attorney General, for the Territory.

BEATTY, C. J.—The appellant, Thomas Evans, was indicted with George Rae for a violation of section 7193 of the Revised Statutes of Idaho, which, as amended by act of the fifteenth legislative assembly, reads: "It is unlawful for any person in this territory to make any dam, or use any nets, seines, fish-traps, or any similar device or measures for catching fish, or to ship the same out of this territory for speculative purposes." The appellant, Evans, alone, was tried upon this charge, and from the judgment rendered against him upon his conviction thereof he has appealed to this court. While the record contains various specifications of alleged error, the appellant has in his argument of the cause referred to but two, viz.: That the statute does not prohibit the exportation of fish, and, if it does, it is in violation of section 8, article 1 of the constitution of the United States.

It is true the statute does not read as it undoubtedly was intended it should, and it is surprising that it passed unchallenged the ordeal of six readings in the presence of careful legislators. Construed as it reads, it prohibits the exportation from this territory only of dams, and the use of nets, fish-traps, and other devices for catching fish, and not the fish themselves.

As dams cannot be shipped, and the use of a thing is an incorporeal right, this statute, if construed by its words, undertakes to prevent the performance of an impossibility, hence, in effect, is void. Conceding, however, that it may be construed to prohibit the exportation of fish, as the legislature undoubtedly designed it, is it in violation of the section referred to of the supreme law of the land? This question was involved in the court below, in the demurrer to the indictment, on the exceptions to the instructions, and in the motion for arrest of judgment, and is saved by appellant's exception to the ruling of the court in those matters. The provision of section 8, article 1 of the constitution of the United States, that "Congress shall have power . . . . to regulate commerce with foreign nations and among the several states," having been so frequently and fully considered by the ablest, including the highest courts in the nation, it will not be expected we shall, to any length, now attempt its discussion. It is clearly settled and conceded by all, that the above provision of the constitution confers upon Congress the exclusive power to regulate commerce between the states, and any statute which attempts to prohibit the shipment into or out of a state of any lawful commodities or articles of commence or trade is in conflict therewith, and necessarily void. To each state is reserved the power of regulating commence within its borders, but not that extending across its boundary lines. The state may also, under its police power, enact such laws as are necessary to the protection of the lives, the health and comfort of its citizens, and for the promotion of good order within its limits. But whenever, under the pretense of an exercise of its police power, the state enacts any statute which operates to prevent the free exchange between the states of lawful articles of trade, it is void because in conflict with that constitutional provision. This is clearly illustrated in a number of recent and interesting cases. *Railroad Co. v. Husen,* 95 U. S. 468, is a case in which the state of Missouri, under the claim of exercising its police prerogative, and to prevent the spread of contagious cattle disease in the state, enacted a statute forbidding the unloading of Texas cattle within the state, but allowing their passage through it on board of cars or vessels. The court held that

cattle were subjects of lawful commerce, and could not be ex-
cluded, except when diseased; that the statute practically
operated, not in the exclusion of diseased cattle alone, but of
all Texas cattle, and was void. The business of butchering
cattle, and shipping the dressed fresh meat into the surround-
ing states from the place of slaughter, has in recent years be-
come an important pursuit; but one which came in conflict with
local dealers. To prevent this, statutes were enacted in several
of the western states, purporting to be in pursuance of their
police power, and to promote the health of their inhabitants by
preventing the importation of diseased meat. They required
that all animals should be inspected within twenty-four hours
before their slaughter, and the sale of meat of animals not so
inspected should be prohibited. The courts have uniformly
held that such statutes are not within the police power of the
state, and that, whatever their design, they operate as a pro-
hibition to the importation of dressed meat, which is a lawful
article of trade, and whenever these statutes have come before
the courts for consideration, they have been held void. The
following cases on this subject will be found of interest, and
in them the whole subject is fully reviewed: *Swift v. Sutphin,*
39 Fed. 630; *In re Barber,* 39 Fed. 641; *In re Christian,* 39
Fed. 636; *Harvey v. Huffman,* 39 Fed. 646; *Ex parte Kieffer,*
40 Fed. 400. In the state of Indiana a statute prohibiting the
exportation of natural gas from the state through pipes has,
upon the same principle, recently been held void. The state
of Kansas has had a statute to prevent the shipment therefrom
of fowls and other game. For a violation of this, an express
agent was indicted for shipping to Chicago four prairie
chickens. The act only prevented the exportation of chickens,
and did not prevent their capture and use by the denizens of
Kansas, but seemed rather to preserve them for their exclusive
use and comfort. It was held void in *State v. Saunders,* 19
Kan. 128, 27 Am. Rep. 98. By the law of this territory we
recognize fish as a lawful article of trade. The statute only
attempts to preserve them for us, and to deprive our neighbors
of their use, which, in the light of the authorities, we must
conclude is in violation of the constitutional provision referred
to, and therefore void. It follows that the demurrer to the

indictment above referred to should be sustained, and it is therefore ordered that the judgment appealed from be set aside, and the indictment dismissed.

BERRY, J.—I concur that the act, so far as it prohibits the shipping of fish out of this territory for speculative purposes, is unconstitutional. I think the statute is not against the shipping of dams, etc., but is against shipping of fish only.

Sweet, J., concurs.