(47 South. 443.)

No. 17,329.

HELMER v. COLORADO SOUTHERN, N. O. & P. R. CO.

(Oct. 19, 1908.)

EMINENT DOMAIN (§ 104*) — DAMAGES RECOV-
· ERABLE.

Under article 167 of the Constitution of 1898, which provides that "private property shall not be taken nor damaged for public purposes without just and adequate compensation first paid," the right of recovery includes damages to property caused by noise, smoke, vibrations, etc., incident to the operation of a rail-road, which permanently depreciates the value of the property, the amount to be determined by the difference between the market value before the road was built and the market value afterwards.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 279; Dec. Dig. § 104.*]

(Syllabus by the Court.)

Case certified from Court of Appeal.

Action by Robert M. Helmer against the Colorado Southern, New Orleans & Pacific Railroad Company. Judgment for plaintiff, and defendant appeals to the Court of Appeal. Case certified, and elements of damage determined.

Edward Benjamin Du Buisson, for plaintiff. Dudley Louis Guilbeau, for defendant.

LAND, J. Plaintiff sued the defendant company for damages to his property alleged to have been caused by the construction and operation of its railroad in front of his premises. It appears from the statement that plaintiff claimed as an element of damages the diminution of the market value of his property caused by the rumbling of trains, noises, emission of smoke, ringing of bells, etc. Our learned Brothers certify that:

"The sole question presented for instruction is whether the annoyance and discomforts, caused by the noises, emissions of steam, etc., incident to the management of railroad trains, and which have contributed to a diminution in the market value of the property, enter as elements of damage for which the company is liable when claimed with the other damages above enumerated, though contributing to the depreciation in the value of the property, and, though claimed with other damages, are damnum absque injuria."

The other damages claimed are for the impairment of the means of egress and ingress, thereby rendering the property less accessible.

As showing the contention of counsel for plaintiff, we make the following excerpt from the statement of the case, to wit:

"Plaintiff admits that as a general proposition damages cannot be recovered when they are caused by ringing of bells, emissions of steam, rumbling of trains, and such annoyances incident to the management of railroad trains,

but contends that, when these causes contribute together with the damages resulting from the construction of the railroad track to the diminution of the market price of the property, and when these damages are claimed together, they enter into the elements of damages recoverable against the company."

We must confess that we cannot understand this line of reasoning. The cause of alleged damage is the same, whether standing alone or joined with other causes.

Article 167 of the Constitution of 1898 reads:

"Private property shall not be taken nor damaged for public purposes without just and adequate compensation first paid."

Article 156 of the Constitution of 1879 reads the same. In Griffin v. Railroad Company, 41 La. Ann. 808, 6 . South. 624, the Supreme Court of this state construed article 156 to cover "all cases where private property has sustained a substantial injury from the making and use of a public improvement, whether the damage be direct, as when caused by trespass or physical invasion of the property or consequential as in a diminution of its market value." In that case the cause of damage was the obstruction of the street so as partially to cut off access to the property. The court cited Chicago v. Taylor, 125 U. S. 161, 8 Sup. Ct. 820, 31 L. Ed. 638, where the damage was occasioned by a viaduct in a public street.

The same court in McMahon v. Railroad Company, 41 La. Ann. 827, 6 South. 640, held that the exercise by a railroad company of its legal right to construct and operate its road was subject to the restriction imposed by article 156 of the Constitution of 1879, and that the court had simply to inquire "what damage has been done to the property; i. e., to its value for rental or sale." The court further said:

"Mere consequential injuries to the owner arising from discomfort, disturbance, injury to business, and the like remain, as they were before, damna absque injuria, particular sacrifices which society has the right to inflict for the public good."

The true question in any given case of this nature is whether the causes complained of have substantially damaged the value of the property by diminishing its market value for rental or sale. The amount of damage is determinable by the difference between the market value before the road was built and the market value afterwards. Railroad Co. v. Wolf, 148 Fed. 961, 78 C. C. A. 589. In the same case it was held that the right of recovery includes damage to the property from noise, smoke, cinders, and vibration of the ground which permanently depreciates its value, the amount to be measured by the difference of market value as just stated. In the same case the charge to the jury that, "in respect of smoke and the noise of railroad operation, there must be an injurious effect upon plaintiff's lot in the mind of a good-faith purchaser, and not a mere personal inconvenience to the occupants," was approved by the appellate court. This case arose under the Constitution of Nebraska, (article 1, § 21), which provides that "the property of no person shall be taken or damaged for public use without just compensation," and the decision was in accord with the settled jurisprudence of that state. We think that the doctrine thus announced is in accord with our own jurisprudence, and necessarily results from the plain language of article 167 of our state Constitution.

We therefore answer that noise, smoke, vibrations, etc., incident to the operation of defendant's trains in front of plaintiff's property are elements of damage to be considered, if the market value of plaintiff's property is thereby diminished, the amount of damages to be determined by the difference between the market value before the road was built and the market value afterwards.