OVERTON, J.
 

 In its general phases,. this appeal is not unlike the appeal in Poret v. Board of Levee Commissioners of the Orleans Levee District (La. Sup., No. 30063) 125 So. 437,
 
 [1]
 
 this day decided. The claim, as there, originated before the reparations commission, where an exception of no cause of action was sustained, and, as it was there, resort was had to the civil district court, where an exception of no cause of action was also sustained, from which ruling this appeal was taken. The general facts of the case are the same as those in the Poret Case.
 

 The contents of the petition, filed in, the district court, are correctly set forth, as reflates to the character of plaintiff’s claim, in its brief, and are as follows: “Plaintiff’s petition shows that its company was engaged in commercial fishing for several years prior to the creation of the crevasse in April, 1927; that they operated a large fishing boat fully equipped with seine and trawl; that the company operated in certain designated waters in the parish of St. Bernard year after year, after the close of the various legal trapping seasons, made their catches and sold their fish to merchants in the City of New Orleans and, deducting all operating expenses, the partnership netted an average of one hundred and sixty ($160) per. week; and that as a result of the flood waters from the man-made Caenarvon Crevasse they lost eighteen (18) weeks of their fishing operations, making a total loss to the company of twenty-eight hundred and eighty ($2,880) dollars’’ The waters in which the company operated were those around Bayou La Mere to Point Chicot.
 

 Plaintiff’s petition discloses no cause of action. Plaintiff had no proprietary interest in the fish it was prevented from catching, which were those found in the waters, under the jurisdiction of the state, not held by private. ownership. Those fish were the property of the state and not of plaintiff. Plaintiff had the privilege, granted, by the state, of catching and disposing of them, under such regulations as the state made for the catching and disposal of fish, but the state had the right to interfere with the exercise of this privilege, as for instance, as was the case here, in the exercise of its police power, to save a populous city from inundation, or for any other cause that it deemed sufficient. Act 204 of 1912, § 1; State v. Snowman, 94 Me. 99, 46 A. 815, 818, 50 L. R. A. 544, 80 Am. St. Rep. 380; State ex rel. Oglesby v. Hand, Sheriff (Fla.) 119 So. 376; McCready v. Virginia, 94 U. S. 391, 24 L. Ed. 248; La Coste v. Department of Conservation, 263 U. S. 545, 44 S. Ct. 186, 68 L. Ed. 437; Id., 151 La. 909, 92 So. 381; Geer v. Connecticut, 161 U. S 519, 16 S. Ct. 600, 40 L. Ed. 793; State v. Schwartz, 119 La. 290, 44 So. 20; Buras v. Salinovich, 154 La. 495, 97 So. 748; Magner v. People, 97 Ill. 333; American Express Co.
 
 *441
 
 v. People, 138 Ill. 649, 24 N. E. 758, 9 L. R. A. 138, 23 Am. St. Rep. 641; Cawsey v. Brickey, 82 Wash. 653, 144 P. 938; State v. Rodman, 58 Minn. 393, 59 N. W. 1098; Rosenfeld v. Jakways, 67 Mont. 558, 216 P. 776; State v. Pulos, 64 Or. 92, 129 P. 128; Organ v. State, 56 Ark. 267, 19 S. W. 840; Curran v. Jones, 163 La. 579, 112 So. 492.
 

 As plaintiff had no proprietary interest in the fish which were at large in the waters, and no right to object to the state’s interfering with the exercise of the fishing privilege granted, it has no right to complain and claim damages. Plaintiff’s claim is not included within the terms of the constitutional amendment, adopted in April 1928, and published in the appendix to the Acts of 1928, on page 5. See Foret v. Board of Levee Commissioners, this day decided.
 

 The judgment is affirmed.
 

 [1]
 

 Ante, p. 427.