## ACOSTA v. BOARD OF COMMISSIONERS OF THE ORLEANS LEVEE DIST.

---

(February 17, 1930.   Opinion and Decree.)

---

L. H. Perez, of New Orleans, attorney for plaintiff, appellant.

J. Blanc Monroe, A. B. Hammond, Jas. G. Schillin & William Brewer, of New Orleans, attorneys for defendant, appellee.

CAGE, J. ad hoc.   The plaintiff sues for commissions and profits that, as a merchant or storekeeper, he was deprived of by the Caernarvon Crevasse and his suit was dismissed by the district court on an exception of no cause of action.

From this judgment he prosecutes this appeal.

There is nothing to differentiate the law of this case, from that of Foret vs. Board of Commissioners of the Orleans Levee Board, No. 30063 of the docket of the Supreme Court, reported in Southern Reporter, Vol. 125, pp. 437, et seq., and Oliver vs. same defendant, No. 30,134 of the docket of the Supreme Court reported in same volume of the Southern Reporter at pages 441, et seq.

For the reasons. given by the Supreme Court in these two cases, we consider the judgment of the district court to be correct, and it is affirmed.

HIGGINS, J. (concurring). This is a suit for loss or damage alleged to have been sustained as a result of the artificial crevasse at Caernarvon on April 29, 1927. Plaintiff brings this suit under the provisions of a constitutional amendment adopted in April, 1928, embodied in Act No. 2 of the extra session of the Louisiana Legislature of September, 1927. The petition alleges that the plaintiff, a resident of St. Bernard parish, has been a merchant for many years in that parish, and, up to the time of the crevasse on April 29, 1927, had been engaged in the general mercantile business and also selling oils for the Standard Oil Company on a commission; that, as a result of the crevasse, he was driven from his home and business, located in the inundated area, and that he sustained a net loss, for the months of May, June, July, and August, 1927, of $1,331.68, estimated on the volume of business he did during the two preceding years. Defend-

ant filed an exception of no cause or right of action, which was sustained by the trial court, and plaintiff's suit was dismissed. From this judgment plaintiff has appealed.

The relevant portions of the constitutional amendment read as follows:

"Whereas * * * an artificial opening or break was made April 29th, 1927, in the Caernarvon Levee at or near Poydras Plantation in the Parish of St. Bernard, State of Louisiana, for the purpose of creating an outlet for the waters of the Mississippi River, so as to lower the stage of the river at New Orleans and above and thereby relieve that City and its inhabitants from the menace of flood waters and prevent the loss of life and property damage, which would have resulted if said City of New Orleans had been overflowed by waters of said River.

"And, whereas, it is proper that just compensation should be made for the losses sustained by individuals, firms or corporations within the inundated area, as a result of the waters from said artificial break; * * *

"Be it enacted by the Legislature:

"Section 1. That the Board of Levee Commissioners of the Orleans Levee District be and it is hereby authorized and directed out of the funds hereinafter provided for to pay (a) just compensation for losses sustained by individuals, firms or corporations within the affected area, as the result of the encroachment of said waters; and interest thereon at 5% from April 29th, 1927 to date of payment, etc."

Plaintiff contends that the alleged losses sustained by him were the direct result of the encroachment of the flood waters, and, as he is a resident of St. Bernard parish, and the flood waters inundated his home and place of business for four months, he is entitled to recover, particularly under section 1 of the constitutional amendment.

Defendant contends that the alleged loss is damnum absque injuria, or mere conse-

quential damage, and that plaintiff is therefore not entitled to recover.

The question before the court involves an interpretation of the language of section 1 of the constitutional amendment, supra.

In the case of Foret vs. Board of Levee Commissioners of Orleans Levee District (No. 30063 of its docket) 125 So. 437, 440, decided December 2, 1929, the Supreme Court held that the plaintiff, as general manager for the St. Bernard Motor Co., Inc., was not entitled to recover loss of salary for eight months, amounting to $2,625, as a result of the crevasse flooding his employer's place of business, which necessitated its discontinuance during that period. The court goes fully into the history of the amendment and in its interpretation of the provisions of it said:

"In view of the foregoing, we think that damages should not be allowed, where they would not be by virtue of the exercise of the expropriation laws, or where even a tort-feasor would not have to respond, unless there be a clear expression of the lawmaker, allowing damages beyond that measure. This view is reinforced by the fact that defendant, the Orleans levee district, did not create the opening in the levee, and that, as observed by counsel for defendant, the sole liability of the district for the results of the crevasse is the liability voluntarily assumed for it by the Legislature and people of the state, when they passed and adopted the constitutional amendment cited above. The view, stated above, is further reinforced by the principle applied in Ward v. Board of Levee Commissioners, 152 La. 158, 92 So. 769, reading, to quote from the syllabus: 'Where a right of action against a public body exists only by virtue of a special statutory grant, such right of action is limited strictly to the provisions of the statute.' The constitutional amendment, granting the right of action against defendant, so far as it is here pertinent, reads: 'That the Board of Levee Commissioners of the Orleans Levee District be and it is hereby authorized and directed, out of the funds hereinafter provided for, to pay (a) just compensation for losses sustained by individuals, firms or corporations within the affected area as the result of the incroachment of said waters * * *.' In using these words, the constitutional amendment conveys the idea that just compensation is directed to be paid for damages to what is encroached on by the waters, that is, physical property. This, it may be observed, is in accordance with the Governor's proclamation, in declaring that 'the damage to property resulting from this act will be paid.' The constitutional amendment does not include within its terms such consequential damages as those occasioned by the temporary, discontinuance of one's salary, due to the fact that the corporation, paying the salary, had to discontinue business temporarily on account of the flood."

See, also, Oliver & Co. vs. Board of Commissioners of Orleans Levee District (No. 30134 of the Supreme Court docket) 125 So. 441, decided December 2, 1929.

In McMahon & Perrin vs. R. Co., 141 La. Ann. 830, 6 So. 640, 641, the court said:

"Prior to the constitution of 1879 the organic law of this state, like that of all the states of this Union, simply provided that 'private property shall not be taken for public purposes without adequate compensation,' etc. Under this rule, in absence of other special provisions, a taking of the property was a condition precedent to liability, and the measure of compensation due was the value of the property taken. Mere consequential damage to property, when the property itself was not taken, was not recoverable, and much less any damages resulting to individual owners, in the way of discomfort, inconvenience, loss of business, and the like. All such injuries, inasmuch as they resulted only

from the exercise by another of his legal right, were damna absque injuria."

See, also, La. Ry. & Nav. Co. vs. Xavier Realty Co., 115 La. 337, 39 So. 1; L. R. & N. Co. vs. Jones, 113 La. 29, 36 So. 877; Manning vs. City of Shreveport, 119 La. 1055, 44 So. 882, 13 L. R. A. (N. S.) 452; Helmer vs. Colorado South., etc., R. Co., 122 La. 143, 47 So. 443; L. R. & N. Co. vs. Sarpy, 125 La. 391, 51 So. 433.

In Opelousas, etc., Ry. Co. vs. St. Landry Cotton Oil Co., 121 La. 799, 46 So. 810, 811, the court said:

"In cases of this kind mere consequential injuries resulting from inconvenience, loss of business and the like are not recoverable. The measure of recoverable damage is the actual diminution in the value of the property for sale or rental. McMahon & Perrin v. Railroad Co., 41 La. Ann. 827, 6 So. 640."

Counsel for plaintiff contends that the cases of Oliver & Co. vs. Board of Com'rs of Orleans Levee Dist., and Foret vs. Board of Levee Commissioners of Orleans Levee District, supra, are not controlling in this case because plaintiff is a resident of the parish of St. Bernard, and his home and place of business were within the inundated area, whereas, in the above case, the plaintiff was a resident of New Orleans and did not own the business, but was only employed. There are these differences in the facts, but we do not consider that they are sufficient to distinguish this case from the Oliver & Co. and Foret cases. The legal principles of damnum absque injuria and consequential damages are equally applicable here.

For these reasons I concur.