(127 So. 603)

FABRE et al. v. BOARD OF COM'RS OF ORLEANS LEVEE DIST.

No. 30088.

March 5, 1930.

L. H. Perez, of New Orleans, for appellants.

James Wilkinson, Wm. J. O'Hara, and N. H. Polmer, all of New Orleans, for appellees.

O'NEILL, C. J.

This is a suit for compensation for losses alleged to have been suffered by the plaintiffs in consequence of the artificial crevasse, made under executive orders, in the levee on the Mississippi river bank, at Caernarvon, on the 29th of April, 1927. The claim is founded upon the constitutional amendment adopted in April, 1928, pursuant to Act No. 2 of the Extra Session of 1927, making provision for reparation or compensation for losses sustained within the affected area.

The plaintiffs, being a commercial partnership, have a store at Delacroix Island, in the area that was overflowed by the Caernarvon crevasse. They were engaged also in the business of buying fish at Delacroix Island and selling them in the New Orleans markets. The island was depopulated and overflowed by the crevasse, and the plaintiffs were thereby put out of business during the months of May, June, July, and August, 1927. They claim $3,441.62 for loss of profits, which the crevasse prevented them from earning; the estimate being based upon the profits alleged to have been earned during the corresponding months of the previous year. The claim was rejected on a plea of no cause or right of action; and the plaintiffs have appealed from the decision.

It appears that the plaintiffs suffered also a property loss in consequence of the Caernarvon crevasse, and were allowed compensation by the reparations commission, under the provisions of the constitutional amendment; but the claim for the loss or deprivation of unearned profits was rejected on the ground that it was only a remote consequence of the crevasse, which was made in the exercise of the state's police power. Our opinion is that this case is governed by the rulings in Foret v. Board of Levee Commissioners, 169 La. 427, 125 So. 437, and Alfred Oliver & Co. v. Board of Commissioners, 169 La. 438, 125 So. 441. In those cases it was held that the state, or the board of levee commissioners, was not liable, under the constitutional amendment adopted pursuant to Act No. 2 of the Extra Session of 1927 for damages for which there would have been no obligation to make reparation if the state had acted under her power of expropriation, under section 6 of article 16 of the Constitution. In the Foret Case it was held that the plaintiff was not entitled to compensation for the loss of his salary by the discontinuance of the business of his employer, caused by the Caernarvon crevasse; and in the case of Alfred Oliver & Co., engaged in the business of catching and selling fish, it was held that the company was not entitled to compensation for profits which the company was prevented from earning during the period when the Caernarvon crevasse interfered with the fishing operations.

The judgment is affirmed.