For the reasons assigned, the judgment appealed from is affirmed.

174 La. 899

## WITBECK v. WITBECK.

No. 30993.

Supreme Court of Louisiana.

April 25, 1932.

Cook & Cook, of Shreveport, for appellant.

Foster, Hall, Barret & Smith and W. H. Scheen, all of Shreveport, for appellee.

BRUNOT, J.

The plaintiff and defendant were married some time prior to 1929. During that year the plaintiff obtained a judgment against her husband decreeing a separation from bed and board, a dissolution and partition of the community of acquets and gains existing between them, and awarding the plaintiff the custody of a minor child, the issue of the marriage.

This suit is based upon the judgment of separation, and is for an absolute divorce. The defendant excepted to the suit upon the ground that the petition does not allege a cause of action. After a hearing thereon, the defendant's exception was maintained, the suit was dismissed, and the plaintiff appealed from the judgment.

The appellee has not answered the appeal nor made an appearance in this court, but the appellant has filed in the record, and has had the case submitted upon the following formal acquiescence in the judgment appealed from, viz.:

"Now into court, through undersigned counsel, comes Mrs. May B. Witbeck, plaintiff, appellant, and respectfully shows:

"That she concurs in the judgment rendered herein by the First Judicial District Court of Caddo Parish, Louisiana, and that she desires that a judgment of affirmance be entered against her, and that the costs of the appeal be taxed against her. Wherefore, she prays that the judgment of the Lower Court be affirmed, at her cost."

It appears that the appellee was served with a copy of the foregoing acquiescence in the judgment, was given timely notice of the assignment of the case, and has made no objection to the proposed disposal of it.

This is not an application for the withdrawal of an appeal, but one in which the appellant submits the case on the record, and prays for an affirmance of the judgment. Code Prac. art. 901, does not apply to such a case.

For the foregoing reasons, the judgment appealed from is affirmed, at appellant's cost.

John WILLIAMS et al., Plaintiffs and Appellants, v. BOARD OF LEVEE COMMISSIONERS OF ORLEANS LEVEE DISTRICT, Defendant and Appellee.

No. 11925.

Court of Appeal of Louisiana. Orleans.

May 30, 1932.

St. John Perret, of New Orleans, for appellants.

James Wilkinson, N. H. Polmer, and George Piazza, all of New Orleans, for appellee.

WESTERFIELD, J.

In this suit, which is one of a number of similar suits pending in this court, plaintiff sues the levee board for damages alleged to have been caused by the cutting of the Caernarvon Levee on the 29th of April, 1927.

872

Plaintiff claims that the encroachment of the waters from the Caernarvon cut caused his employer, the Orange Grove Refining Company, to close its plant with the result that plaintiff was out of employment for a period of time during which his wages would have amounted to the sum of $340, for which sum this suit is brought.

Learned counsel for plaintiff have frankly admitted that this court in Acosta v. Board of Commissioners of Orleans Levee District, 12 La. App. 488, 126 So. 463, and the Supreme Court in Foret v. Board of Levee Commissioners of Orleans Levee District, 169 La. 427, 125 So. 437, and Oliver & Co. v. Board of Levee Commissioners of Orleans Levee District, 169 La. 438, 125 So. 441, and Fabre v. Board of Levee Commissioners of Orleans Levee District, 170 La. 210, 127 So. 603, have determined adversely to their contention the same questions of law upon which this case depends; but they announce their intention to seek a revision of those cases. Were the question, which it is sought to be reopened, one which had been determined by this court alone, we would feel free to reconsider our former opinion in the light of the able argument which counsel have made before us; but since there are three decisions of our Supreme Court to the same effect as our own, we do not feel at liberty to indulge any further discussion of the questions of law there determined. As an intermediate appellate court, our only proper attitude is one of respectful submission to and acquiescence in the views of our court of last resort especially when reiterated.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.