In the matter of George B. Webb.

---

## SUPREME COURT.

### In the matter of GEORGE B. WEBB.

The enlistment of a *recruit, under eighteen years of age,* in the *naval service* of the United States, without the consent of his parents or guardian, is not *binding or obligatory,* although he *took an oath,* when he enlisted, that he was twenty-one years of age. The oath can only be conclusive against the recruit, and not against others claiming a legal right to his services.

*Kings Special Term, October,* 1862.

ON *habeas corpus,* for the discharge of George B. Webb, a recruit enlisted in the naval service of the United States.

> G. T. JENKS and AUGUSTUS B. KNOWLTON, *for the petitioner.*
>
> B. FRANK BROWNE, *for the United States.*

BROWN, Justice. The writ of *habeas corpus* in this case is prosecuted by James W. Webb, to procure the release and discharge of his son George B. Webb from the ship North Carolina, where he is detained in the service of the United States. The father resides at Winstead, in the state of Connecticut, and the return of Richard W. Mead, Esq., a captain of the navy, shows that George B. Webb enlisted as a landsman in the naval service on the 18th day of September last, in the city of New York. At the time he signed the articles of enlistment, he made oath that he was twenty-one years of age, and received the government bounty of thirty-six dollars. The proof taken at the hearing shows that he left his residence, which is his father's house, in Winstead, in June last, in company with his father, with a view to go to Pittsburg, in the state of Pennsylvania, and while so absent from home he enlisted as before mentioned. It also appeared by the proof, that he became sixteen years of age on the 9th of August, 1862. It is not claimed that he entered the naval service with the consent or approbation of his father, or that the latter had any knowledge of the transaction until some time after it was consummated.

No statute of congress has been referred to, and I presume none exists, authorizing the enlistment of boys into the naval service without the consent of their parents or guardians. The act of the 2d of March, 1837, seems to be still in force, and it is an authority for the enlistments of boys not under thirteen, nor over eighteen years of age, to

In the matter of George B. Webb.

serve until twenty-one ; but the consent of the parent or guardian is expressly required to make the enlistment binding and obligatory.

I am referred, however, to the 2d section of the act of the 13th of February, 1862, which declares " that the 5th section of the act of the 28th of September, 1850, providing for the discharge from the service of minors enlisted without the consent of their parents or guardians, be and the same is hereby repealed, provided that no person under the age of eighteen years shall be mustered into the United States service, and the oath of enlistment taken by the recruit shall be conclusive as to his age." It is to be observed that the act of the 28th of September, 1850, the 5th section of which the 2d section of the 13th of February, 1862, is designed to repeal, is an act which relates exclusively to the army, and not the navy of the United States. It is also to be observed that the claim in regard to the oath of the recruit is contained in a proviso to the section quoted.

The office of a proviso is not to enlarge or extend the act, or the section of which it is a part, but rather to put a limitation and a restraint upon the language which the lawmaker has employed. The effect of the proviso in regard to the oath of the recruit must be therefore limited to the subject of the act of September 28, 1850, which is the army and not the naval service of the United States, .and does not affect the present case.

But were it otherwise, who is it that should be concluded by the oath of the recruit ? If this oath, taken at the time of the enlistment, as to his age, is to operate as an estoppel, whom shall it estop ? Not the master or the parent who claims a legal right to services of the minor in opposition to the government. Congress has certainly not given any indication of an inclination to conclude this class of persons upon their right to the service of their minor sons or apprentices upon the mere act of the minors themselves, in

the absence and without the assent of their parents and guardians. The section will receive a sensible and rational construction by declaring the oath of the recruit to be conclusive against himself, and not against others claiming a legal right to his services.

An order must be entered directing the United States officer having George B. Webb in his custody, to relieve him from further restraint, and deliver him over to his father, James B. Webb.