LUCINDA TAYLOR, plaintiff in error, *vs.* THE MAYOR AND COUNCIL OF AMERICUS, defendants in error.

A defendant had been sentenced by the Mayor and Council of the city of Americus to pay a fine of $20 00 and costs, and, in default thereof, to be confined in the guard-house of said city for twenty days, for disorderly conduct, and a petition for *certiorari* was presented to the Judge of the Superior Court, alleging error in the proceedings of said Mayor and City Council on the trial of said defendant, (to-wit:) that there was *no evidence* that the alleged disorderly conduct was committed *within the corporate limits of said city*, so as to give to the said Mayor and City Council jurisdiction to try and punish the defendant therefor. The Judge refused the application for *certiorari*, upon the statement of facts contained in the petition: *Held*, that the peti

tion for *certiorari* made a *prima facie* case, which entitled her to have the alleged error reviewed and corrected, and that it was error in refusing the *certiorari* prayed for.

*Certiorari.* Decided by Judge JAMES H. CLARK. Sumter county. Chambers. April, 1869.

Lucinda Taylor was charged with "disorderly conduct in said city," Americus, and was found guilty by the Mayor. She appealed, and the cause was heard before the Mayor and Aldermen *de novo.* On this trial there was evidence of a quarrel between Lucinda and another. The witnesses did not locate this quarrel otherwise than by saying it was at Lucinda's house. The Mayor's decision was affirmed, and she was sentenced to pay a fine of $20 00 and costs, or, in default thereof, to confinement in the guard-house of said city for twenty days.

Her counsel sued out a *certiorari,* stating the foregoing facts and the evidence on the trial, claiming that the judgment was erroneous, because the facts proven did not constitute the offense charged, and because there was no evidence that the quarrel occurred in Americus. The Judge refused to sanction the *certiorari,* and that is assigned as error. The Charter and Ordinance of Americus were not produced here, but it was admitted that the mode of trial had was regular, and that the Mayor and Council had a right to punish for disorderly conduct, *provided* it occurred within the corporate limits of Americus.

N. A. SMITH, for plaintiff in error.

JACK BROWN, (by S. H. Hawkins,) for defendant.

WARNER, J.

This was an application to the presiding Judge of the Court below for a *certiorari* by the petitioner therein, alleging that, on the trial before the Mayor and Council of the city of Americus, for a violation of an ordinance of said city, there was *no evidence* that the offence with which she was charged and found guilty, was committed within the cor-

*porate limits* of said city, so as to give to the said Mayor and Council *jurisdiction* to try and punish her therefor. In our judgment, the petitioner made out a *prima facie* case in her petition for *certiorari*, which entitled her to have the alleged error corrected by the Superior Court, and the presiding Judge should have sanctioned the same, so as to enable her to have had the alleged error reviewed and corrected: See 3980 section of the Revised Code, and 3rd section of the 5th article of the Constitution of 1868. As to the right of the petitioner to except to the decision of the Judge refusing to sanction her application for *certiorari*, see 4192 section of the Code.

Let the judgment of the Court below be reversed.