### COMMONWEALTH *vs.* GEORGE G. HALL & another.

Suffolk.   Jan. 28. — Feb. 25, 1880.   MORTON & SOULE, JJ., absent.

Under the St. of 1879, *c.* 209, § 1, providing that " whoever in this Commonwealth takes or kills any woodcock," or other specified birds, between certain days of the year, " or within the respective times aforesaid sells, buys, has in possession, or offers for sale, any of said birds, shall upon conviction be punished," a person is not punishable for having in his possession, offering for sale and selling a woodcock lawfully taken or killed in another state.

COMPLAINT on the St. of 1879, *c.* 209, § 1, charging the defendants, on July 15, 1879, at Boston, with having in their possession, offering for sale and selling one dead woodcock.

At the trial in the Superior Court, before *Pitman*, J., it appeared that the defendants had, and at their dining-room served to a guest, a woodcock, for which they received payment; and that the woodcock was not killed, taken or caught in this Commonwealth, but was taken, caught or killed in Pennsylvania, at a season and time when it was lawful, by the laws of that state, to take, catch or kill woodcock, and was dead when brought into this Commonwealth.

Upon these facts, the defendants asked the judge to rule that they had not committed any offence under the laws of this Commonwealth, and to direct a verdict of not guilty. But the judge declined so to rule; ruled that the defendants were liable under the statute; and directed a verdict of guilty. The defendants alleged exceptions.

*E. Avery*, for the defendants.

*G. Marston*, Attorney General, *&* *F. H. Gillett*, Assistant Attorney General, for the Commonwealth.

GRAY, C. J.   This complaint is founded on the St. of 1879, *c.* 209, § 1, by which it is enacted that " whoever in this Commonwealth takes or kills any woodcock, or any ruffed grouse, commonly called partridge, between the first day of January and the first day of September in any year, or any quail between the first day of January and the fifteenth day of October in any year, or within the respective times aforesaid sells, buys, has in possession, or offers for sale, any of said birds, shall upon conviction be punished by a fine of twenty dollars for each and every such bird."

The clause of this statute, as to having in one's possession within the times mentioned " any of said birds," neither, on the one hand, expressly includes, like the St. of 1855, *c.* 197, § 1, and the Gen. Sts. *c.* 82, § 1, " birds taken or killed in this Commonwealth or elsewhere ; " nor, on the other hand, is it in terms limited, like the Rev. Sts. *c.* 53, § 1, and the Sts. of 1870, *c.* 304, § 1, and 1877, *c.* 95, § 1, to birds taken or killed within the Commonwealth.

The question presented by the case at bar is whether, in the absence of any such explicit manifestation of the intent of the Legislature, the words "any of said birds" are to be construed in the larger sense, as meaning any woodcock, partridge or quail whatever ; or in the more restricted sense, as meaning any woodcock, partridge or quail taken or killed in this Commonwealth within the times before mentioned. By the first alternative, the mere possession, in the first part of every year, of birds which had been lawfully taken or killed in another state, or even in this Commonwealth and at a time when it was lawful to kill them here, would be made a punishable offence ; as if, for instance, woodcock killed in the autumn should be preserved in ice after the first of January for subsequent consumption. To adopt such a conclusion, when not imperatively required by the language of the act, would be inconsistent with the ordinary rules of construction of penal statutes.

Some stress was laid by the attorney general on the proviso inserted at the end of § 1 of the St. of 1879, in these words : " Provided, that any person may buy, sell, or have in possession, quail and pinnated grouse, commonly called prairie chicken, during the months of January, February, March and April, provided the same are not taken or killed contrary to the provisions of this act." This proviso, with no other change except in being limited to four months instead of extending throughout the year, is taken from the St. of 1877, *c.* 95, in which it appears at the end of § 7, corresponding to § 9 of the St. of 1879, and imposing a penalty on " whoever in this Commonwealth at any season of the year takes or kills any pinnated grouse, commonly called prairie chicken, unless upon ground owned by him and grouse placed thereon by the owner." This proviso, relating both to quail and to pinnated grouse, has thus been transferred, from a

section relating to pinnated grouse and not to quail, to a sec-
tion relating to quail and not to pinnated grouse. That it is
not necessarily inconsistent with a strict construction of the
enacting clauses of the statute is shown by the very fact of its
having been first introduced in the St. of 1877, which expressly
limited the prohibition of having in possession woodcock, par-
tridge or quail to those "taken or killed within this Common-
wealth."   St. 1877, c. 95, § 1.

The true construction of the clause in question is put beyond
doubt by § 10, which enacts that "in all prosecutions under the
provisions of this act, the possession, except as provided in sec-
tion one, by any person or corporation, of birds mentioned as
protected by this act, during the time within which the taking
or the killing of the same is prohibited, shall be *prima facie* evi-
dence to convict under this act." That the words "except as
provided in section one" refer to the proviso only, and not to
the enacting clauses of that section, may be inferred from the
exception's not mentioning the second, third and fourth sec-
tions, relating to ducks and teal, plover and sandpiper, doves
and terns, which contain no such proviso, but are in all other
respects like the first section.   And saying that possession shall
be *prima facie* evidence necessarily implies that it shall not be
conclusive ; if the mere possession of birds, during the time
within which the taking or killing of them is prohibited, of
itself constituted an offence under the previous sections of the
statute, to say that such possession should be *prima facie* evi-
dence would be superfluous, if not absurd.

The object of the statute is to protect these birds during the
breeding season, and for such a reasonable portion of the year as
may prevent them from being exterminated or their numbers
diminished in this Commonwealth.   The mode in which the
statute seeks to attain this object is by punishing the taking or
killing of such birds in this Commonwealth during the times
specified, or the buying, selling, offering for sale or having in
possession in this Commonwealth, during those times, of birds
so taken or killed; and by enacting that the possession in this
Commonwealth at such times of any birds of the kinds specified
shall be *prima facie* evidence to convict; leaving it for the de-
fendant to prove, if he can, that the birds found in his possession

were not taken or killed in this Commonwealth at a prohibited time. So construed, the statute is reasonably adapted to carry out its object, and is free from all constitutional difficulty. *Commonwealth* v. *Williams*, 6 Gray, 1, 6. *Phelps* v. *Racey*, 60 N. Y. 10. *Railroad Co.* v. *Husen*, 95 U. S. 465.

In the case at bar, it being agreed that the woodcock, which the defendants had in their possession, offered for sale and sold, had been lawfully taken or killed in another state, the defendants were wrongly convicted.

The cases mentioned at the argument are distinguishable from the present case. The St. of 39 & 40 Vict. *c.* 29, § 2, under which it was held in *Whitehead* v. *Smithers*, 2 C. P. D. 553, that a person having in his possession a plover killed abroad might be convicted, differed from the statute before us in explicitly enacting that any one who should at certain seasons " kill, wound or take any wild fowl, or have in his control or possession any wild fowl recently killed, wounded or taken," should be subject to a penalty; and in omitting to reënact the clause of a previous statute, which allowed a defendant to show that the bird had been bought or received before the prohibited time, or from some person residing out of the realm. And the St. of N. Y. of 1871, *c.* 721, under which the defendant was convicted in *Phelps* v. *Racey*, above cited, for having in his possession quail killed in another state, enacted that no person should kill or expose for sale, or have in his possession " after the same has been killed," any quail between the times mentioned; and defined the cases (of which that before the court was not one) in which the defendant might protect himself by proving that the bird had been killed before the prohibited time, or in a state in which the killing was not prohibited.

*Exceptions sustained.*