THOMAS F. ALLEN *vs.* BENJAMIN L. YOUNG.

Penobscot. Opinion March 4, 1884.

*Game law. Deer. Stat. 1878, c. 50, § 6.*

The transportation of the hide or the carcass of a deer from place to place in this State is not unlawful at any time, if the deer was killed at a time when it was lawful to do so.

ON REPORT.

The writ was dated March 6th, 1883.

(Declaration.)

"Plea of the case for that the said Benj. L. Young at Greenbush, in the county of Penobscot, did on the 17th day of February, A. D. 1883, carry and transport, the hides and carcasses of two deer from his house in Greenbush, in said county of Penobscot, to Milford in the county of Penobscot, said time being within the period in which the carrying or transporting as aforesaid is prohibited by law, against the peace of the State and contrary to

the form of the statutes in such cases made and provided. Whereby, and by force of chapter fifty, of the public laws of 1878, an action hath accrued to the plaintiff, who first sues for the same to have and recover of said Benjamin L. Young, the sum of not less than forty dollars for such carcass or hide so carried or transported, as aforesaid, one-half to his own use and one-half to the use of said county of Penobscot."

It was admitted that the plaintiff was, at the date of the writ, a fish and game warden and a policeman of the city of Bangor.

The defendant admitted the possession and transportation as alleged; but testified that the deer were killed by him in Greenbush, one on the 30th day December, 1882, and one on the 31st day of said December, one and one-half miles from his home; that the carcasses were taken to his home in Greenbush from the place where killed, on January 1st, 1883, where they were kept until February 17th, 1883, when they were transported, as alleged in the declaration, to the nearest railroad station, to be shipped by express by rail to Boston, Massachusetts, for sale, and were taken by plaintiff, from the express messenger at Bangor, *en route* for said Boston. The case was reported to the full court to render, by nonsuit or default, such judgment as the legal rights of the parties require.

*Barker, Vose and Barker*, for the plaintiff.

*Davis and Bailey*, for the defendant,

WALTON, J. The act of 1878, c. 50, for the protection of game and birds, declares,

In section 4, that deer shall not be hunted or killed between the first of January and the first of October, under a penalty of forty dollars.

In section 5, that if any person shall have in his possession the carcass or hide of any such animal, during such time, he shall be deemed guilty of having hunted and killed the same contrary to law, but shall not be precluded from producing proof in defense.

In section 6, that no person shall carry or transport from place to place in this state, the carcass or hide of any such animal,

during the period of time in which the killing of such animal is prohibited, under a penalty of forty dollars.

The question is whether, if deer are killed during the time when it is lawful to do so, it is a crime to carry or transport the hides or carcasses from place to place in this state during the time when it is unlawful to kill them.

We think it is not. True, the transportation at such a time seems to be within the letter of the law ; but we think such could not have been the intention of the legislature. We can see no possible motive for making such transportation a crime. We can readily see that it would be in furtherance of the purposes of the act to make such transportation *prima facie* evidence of guilt, and thus throw the burden of proof upon the party to show his innocence, as is done in section five with respect to possession ; but we fail to see any motive for making the mere transportation of the hide or carcass of a deer from one place to another a crime when the deer has been ·lawfully killed and is lawfully in the possession of the one who transports it. Certainly one may reasonably doubt whether such could have been the intention of the legislature ; and the act being a penal one, a reasonable doubt is sufficient to make it the duty of the court to adopt the more lenient interpretation, and construe the term, "such animal," as meaning an animal unlawfully killed, as was done in construing a similar statute in *Com.* v. *Hall*, 128 Mass. 410.

And in *State* v. *Beal*, 75 Maine, 289, in construing a similar provision in relation to fish, this court, although forced to the conclusion that the fish had in fact been unlawfully taken, expressed the opinion that if they had been lawfully taken, it would not have been illegal to sell or transport them during close time ; that such a transportation would manifestly be wanting in the element of illegality against which it was clear when all the provisions of the act were examined together, the penalty was directed, and the statute then under consideration was in terms as comprehensive and as imperative as the one now under consideration.

"It has been repeatedly asserted in both ancient and modern cases that judges may in some cases decide upon a statute even

in direct contravention of its terms ; that they may depart from. the letter in order to reach the spirit and intent of the act.. Frequently has it been said judicially that a thing within the intention is as much within the statute as if it were within the letter, and a thing within the letter is not within the statute, if contrary to the intention of it." *Holmes* v. *Paris*, 75 Maine,. 559, and authorities there cited.

Our conclusion is that the transportation of the hide or the carcass of a deer from place to place in this state is not unlawful: if the deer was killed at a time when it was lawful to do so.

*Plaintiff nonsuit.*

PETERS, C. J., BARROWS, DANFORTH and LIBBEY, JJ.,. concurred.