[No. 13498.  Department Two.  January 26, 1917.]

C. H. BARTLETT *et al.*, *Respondents*, v. J. B. LANPHIER *et al.*, *Appellants.*[1]

MUNICIPAL CORPORATIONS—USE OF STREETS — AUTOMOBILES — LICENSE—STATUTES—PROVISO—CONSTRUCTION.  A proviso attached to an act not being a part of the enacting words, but a restraint upon or exception to some part of it, the proviso to the act relating to permits for others than street railways etc., for the operation of motor vehicles for hire in "a city of the first class," Rem. Code, § 5562-37, to the effect that the act shall include interurban railways transporting passengers for hire in any motor propelled vehicle except street cars "along any street, road or highway in the state," does not have the effect of enlarging the act to cover motor vehicles operated by private individuals for hire on highways outside the limits of cities of the first class.

SAME—USE OF STREETS—AUTOMOBILES—LICENSES—BONDS—LIABILITY—STATUTES.  Under Rem. Code, §§ 5562-37, 5562-38, requiring a permit and bond for the operation of motor vehicles for hire in cities of the first class, liability on their bond for injuries received due to negligent operation is limited to injuries which occur within the limits of such city, in view of the dominant purpose of the act to regulate only operation in cities of the first class and to require no permits for cars operating outside of such limits.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered December 2, 1915, upon findings in favor of the plaintiffs, in an action for damages, tried to the court.  Affirmed in part and reversed in part.

*Geo. McKay, Henry S. Noon,* and *Frank S. Carroll,* for appellants.

*Rickabaugh & McElroy,* for respondents.

PARKER, J.—The plaintiffs seek recovery of damages alleged to have resulted to them from the negligent operation of an automobile belonging to the defendant J. B. Lanphier by his servant; and also seek recovery upon the bond executed by the defendants Lanphier, as principal, and Pacific Coast

[1]Reported in 162 Pac. 532.

Casualty Company, as surety, which bond was filed in the office of the secretary of state in the securing by Lanphier of a permit to operate his automobile for hire in the city of Tacoma. Trial in the superior court without a jury resulted in findings and judgment in favor of the plaintiffs against both defendants, from which they have appealed.

In June, 1915, the secretary of state issued to Lanphier a permit to operate his automobile by the carrying of passengers for hire in the city of Tacoma; Lanphier, at the same time, filing the bond here sued upon in the office of the secretary of state; all of which was done in compliance with chapter 57, Laws of 1915, p. 227 (Rem. Code, § 5562-37), relating to permits to so operate motor vehicles in cities of the first class. On the 10th day of July following, respondents were damaged by the negligent act of Lanphier's servant while driving his automobile upon a country road in Pierce county outside the corporate limits of the city of Tacoma. In view of our conclusion as to the rights of the parties, we need notice no other facts.

While both Lanphier and the casualty company have appealed, we do not find in the briefs any contention against the plaintiffs' right to recover against Lanphier; the contention here being only that the plaintiffs cannot recover upon the bond, which, as we view it, has only to do with the plaintiffs' right to recover against the casualty company. In this behalf it is argued that the bond does not secure compensation to persons injured or otherwise damaged by the operation of an automobile for which such a permit is issued, when operated upon country roads outside the limits of the city in which it is so permitted to be operated, and that, therefore, there can be no recovery against the casualty company in this case. The problem thus presented finds its answer in the proper construction of the language of the statute providing for the issuance of the permit and the giving of the bond, which, so far as we need here notice such provisions, reads as follows:

"Section 1. It shall be unlawful for any person, firm or corporation, other than a steam, street or interurban railway company to engage in or carry on the business of carrying or transporting passengers for hire in any motor propelled vehicle along any public street, road or highway, within the corporate limits of any city of the first class, without having first obtained a permit so to do as hereinafter provided: *Provided,* that any street or interurban railway or other transportation company engaging in the business of transporting passengers for hire in any motor propelled vehicle except street cars along any public street, road or highway in this state, shall come under the provisions of this act: . . .

"Section 2. Every person, firm or corporation other than a steam, street or interurban railway company, desiring to engage in the business of carrying or transporting passengers for hire in any motor propelled vehicle over or along any public street, road or highway in any city of the first class and every street or interurban railway or other transportation company desiring to engage in the business of transporting passengers for hire in any motor propelled vehicle except street cars, shall apply to the secretary of state for a permit so to do, and such applicant for each motor vehicle intended to be so operated shall deposit and keep on file with the secretary of state a bond running to the state of Washington in the penal sum of twenty-five hundred dollars, with good and sufficient surety company licensed to do business in this state as surety to be approved by the secretary of state, conditioned for the faithful compliance by the principal of said bond with the provisions of this act and to pay all damages which may be sustained by any person injured by reason of any careless, negligent or unlawful act on the part of said principal, his agents or employes in the conduct of said business or in the operation of any motor propelled vehicle used in transporting passengers for hire over or along any public street, road or highway, and shall pay to the secretary of state a fee of five dollars and thereupon such license shall be issued to the applicant.

"Section 3. Every person injured by any careless, negligent or unlawful act of any person, firm or corporation receiving a permit under the provisions of this act, or his, their, or its agents, or employes in conducting or carrying on said business or in operating any motor propelled vehicle used for the

carrying and transporting of passengers over and along any public street, road or highway, and his heirs, executors and administrators shall have a cause of action against the principal and surety upon the bond provided for in the preceding section for all damages sustained and in any such action the full amount of damages sustained may be recovered against the principal, but the recovery against the surety shall be limited to the amount of the bond . . ." Chapter 57, Laws of 1915, p. 227 (Rem. Code, §§ 5562-37 to 5562-39).

If one reads these sections without having in mind the dominant purpose of the act, which manifestly is to prevent the operation of motor vehicles by carrying passengers for hire *in cities of the first class* without a permit so to do, and to secure compensation to those negligently injured by such operation *in cities of the first class,* there will be suggested to the mind of the reader many uncertainties and much ambiguity in the meaning of the language used. But having this evident dominant purpose of the act in view, we think it must be held that no permit for so operating motor vehicles outside the corporate limits of cities of the first class is required, and that the bond required as a condition precedent to the issuance of such permit is not to secure compensation for injuries other than such as occur within the corporate limits of such cities. In other words, that neither the permit nor the bond has anything to do with the operation of motor vehicles outside the corporate limits of such cities.

Looking alone to the portion of section one preceding the proviso, no doubt is suggested as to permits being required only for the operation of motor vehicles in cities of the first class. It is argued that the proviso in this section broadens this evident limited meaning of the language preceding in the body of the section, because there is in the proviso the words "any public street, road or highway in this state." Viewed superficially, this may seem a plausible argument, but its force is broken when we are reminded that the purpose of a proviso is not to broaden the meaning of language found in the main body of the act, but rather to limit the meaning of

such language or except from its operation some specified objects or things. In *Laidlaw v. Portland, Vancouver etc. R. Co.*, 42 Wash. 292, 84 Pac. 855, Judge Hadley, speaking for the court, said:

"It is a rule of construction that a proviso often constitutes an exception to the enacting words of the section. 'Provisos and exceptions are similar; intended to restrain the enacting clause; to except something which would otherwise be within it, or in some manner to modify it.' Sutherland, Stat. Constr., § 222. See, also, Black, Interpretation of Laws, 270. In *In the Matter of George B. Webb*, 24 How. Prac. 247, the court said:

" 'The office of a proviso is not to enlarge or extend the act or the section of which it is a part, but rather to put a limitation and a restraint upon the language which the lawmaker has employed.' "

In *Tsutakawa v. Kumamoto*, 53 Wash. 231, 101 Pac. 869, 102 Pac. 766, Judge Chadwick, speaking for the court upon this same subject, said:

"In the construction of statutes, courts look first to the intent of the act, and if the words employed in the declaring part of the statute be plain, unambiguous, and well understood according to their natural and ordinary sense and meaning, the statute itself furnishes a rule of construction beyond which a court cannot go. A proviso attached to a statute is not a part of, but a restraint upon, an exception to, or a modification of some word or phrase of an act. Sutherland, Stat. Constr, 222; Black, Interpretation of Laws, 270; *The Matter of Webb*, 24 How. Pr. 247. In other words, a proviso or an exception to a general statute involving no uncertainty and doubt cannot be held, nor can words be selected therefrom, to add to the declaration of the subject-matter expressed in the body of the act."

We are quite clear, in any event, that such is the meaning of section one, in so far as it has to do with the requiring of a permit for the operation of a motor vehicle by Lanphier, he not being a railway company. We are not here concerned with the question of requiring a permit for the operation of motor vehicles by railway companies in cities of the first class.

Looking to the language of sections two and three, apart from the evident dominant purpose of the act, there can be found therein suggestions of a possible broader meaning touching the purpose of the bond, but we cannot think that the legislature intended to require the bond for any other purpose than to secure compensation for injuries occurring in cities of the first class from the negligent operation of motor vehicles therein under such permits. It would be little short of absurd to have compensation for injuries occurring outside cities of the first class by negligent operation of a motor vehicle which happened to be one permitted under this law to be operated in such a city secured by bond, and at the same time to have no such security required of owners of motor vehicles operated entirely outside such cities, yet such would be the logical result of the contention here made in respondents' behalf. We think the legislature has not in this act evidenced any such intent. The equal privileges and immunities guaranty of section twelve, article one of our constitution strongly suggests this as the proper construction of the act.

The judgment is affirmed as against appellant J. B. Lanphier, and is reversed in so far as it is against the Pacific Coast Casualty Company.

MORRIS, MOUNT, and FULLERTON, JJ., concur.