[No. 14688. *En Banc.* November 27, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
EDWIN RIPLEY *et al., Appellants.*[1]

STATUTES (74)—CONSTRUCTION—PROVISOS. While the purpose of a proviso is to restrain, and not broaden an act, it may be considered in arriving at the legislative intent.

FISH (18)—OFFENSES — UNLAWFUL POSSESSION OF CRABS—STATUTES. The possession of crabs, in cold storage, either for the purpose of sale during the closed season or later, is unlawful after July 5, under Rem. Code, § 5150-101, making it unlawful to have possession of crabs for the purpose of sale during the months of July, August and September, with the proviso that it shall be lawful to have in possession crabs caught in June until the 5th day of July (FULLERTON and CHADWICK, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 3, 1917, upon a trial and conviction of having possession of crabs during the closed season. Affirmed.

[1]Reported in 176 Pac. 343.

*Byers & Byers,* for appellants.

*Alfred H. Lundin* and *Frank P. Helsell,* for respondent.

TOLMAN, J.—The appellants were charged by the prosecuting attorney of King county, Washington, with the crime of having in their possession, for the purpose of selling the same, 718 dozen crabs taken from the waters of the state of Washington. It was charged that the appellants had these crabs in their possession on the 27th day of August, 1917.

The information was based upon § 5150-101, Rem. Code, which reads as follows:

"It shall be unlawful for any person, firm or corporation to take or have in their possession for the purpose of selling or canning any female or any male crab measuring less than six and one-half inches across its back or to take or fish from any of the waters of the state or have in its possession after the same has been taken, for the purpose of selling or canning any crab, during the months of July, August and September of each year: Provided, that any such person who has a crab in his possession caught during the month of June may retain the same in his possession lawfully until the fifth day of July thereafter: . . ."

The appellant interposed a demurrer to the information, which being overruled, the case was tried to a jury and a verdict of guilty was rendered, upon which a judgment was duly entered, and the appellants prosecute this appeal therefrom, assigning as error the overruling of the demurrer, the rejection of offered evidence, and the giving and refusal of instructions.

The facts, regarding which there is little conflict, are substantially as follows: The Ripley Fish Company is a corporation organized under the laws of this

state, doing a general wholesale fish business in the city of Seattle. During the months of July, August and September, 1917, that company had stored in the cold storage warehouse of the Diamond Ice and Storage Company, in Seattle, 718 dozen crabs, which were delivered by it to the storage company in various parcels, beginning April 24, 1917, and continuing up to June 20, 1917. During the summer, beginning with June 25, some of these crabs were withdrawn and sold; some prior to the 5th day of July, which were taken indiscriminately from the place of storage without reference to whether they had been placed there in June or prior months. After July 5, two boxes were withdrawn on July 7. On August 14, one dozen crabs were withdrawn, and on the 16th, two dozen crabs, and on the 17th, two dozen crabs. On August 20, one box and one-half dozen crabs. On August 22, one box, and on August 24, one-half dozen crabs were withdrawn. Except as so withdrawn, all of the crabs remained in storage throughout July, August, and September.

The appellants contend that the statute should be so construed as to make it read as follows:

"It shall be unlawful for any person, firm or corporation to have in their possession for the purpose of selling or canning, any crabs taken from the waters of the state of Washington during the months of July, August and September of each year."

And the errors assigned are practically all based upon the failure of the trial court to so construe the statute, sustain the demurrer, and instruct the jury accordingly.

The appellants rely upon the case of *State v. Eden*, 92 Wash. 1, 158 Pac. 967, 159 Pac. 700, wherein this court construed the initiative prohibition law (Laws 1915, p. 2; Rem. Code, § 6262-1 *et seq.*), and held that

a private citizen, whose use of liquor was in nowise prohibited, might, under that decision, retain in his possession a greater quantity of liquor than that permitted by the act, provided that he came lawfully into the possession of it prior to the taking effect of the act, notwithstanding section 28 (Id., § 6262-28), which provides for the disposal of surplus stocks of liquor within ten days, and section 23 (Id., § 6262-23) which provides that possession of an excess shall be *prima facie* evidence that the liquor was kept for purposes of unlawful sale; the court holding that section 22 (Id., § 6262-22), which limits the amount of liquor one may lawfully possess, relates only to the unlawful possession of liquor acquired after the act became effective, and that there is no express provision in the statute making unlawful the keeping of liquors lawfully obtained.

We do not see any great similarity between the two acts. The provision in the prohibition act with reference to the disposition of surplus liquors could hardly apply to the individual holding liquor for his own use, because he could not lawfully sell the same without procuring a government and local license, and to ship it out of the state under such conditions would be idle. He must either keep it or destroy it. And the law, by its terms, does not require him to destroy it. Moreover, we are not in this case concerned with the mere private use, because the statute under which this prosecution was brought expressly provides that one may take crabs for consumption by himself, his family, or guests, at all times. And appellants are not contending that they were holding 718 dozen crabs for such a purpose.

Were it not for the proviso in the act, the construction for which the appellant contends might be con-

sidered upon the authority of *State v. McGuire,* 24 Ore. 366, 33 Pac. 666, 21 L. R. A. 478, where an act of like wording, except the proviso, was held not to make unlawful the possession of fish during the closed season, though there is a great, and, we think, irreconcilable, conflict in the decisions of the various states upon like statutes. Indiana, Kentucky, California, Georgia, Illinois, Massachusetts, Michigan, New York, and even Oregon, in later cases (*State v. Schuman,* 36 Ore. 16, 58 Pac. 661, 78 Am. St. 754, 47 L. R. A. 153, and *State v. Pulos,* 64 Ore. 92, 129 Pac. 128) have construed similar statutes without the proviso to mean that the possession during the closed season is forbidden.

While the purpose of a proviso is, and has been frequently held by this court to be, to restrain, modify or make an exception to something in the body of the act to which it is attached, and not to broaden the act proper, or to enlarge or extend its scope, yet we see no reason why a proviso may not be considered in arriving at the legislative intent. And in this act the legislature would certainly not have added the proviso permitting the possession during the first five days of July, of crabs caught in the month of June, unless it had intended by the body of the act to forbid all such possession during the closed season. Otherwise the proviso would have no force. If, then, the act is construed as a whole so as to give force and effect to the proviso, as well as to the body of the act, the legislative intent seems clear and unmistakable, and no doubt included the limiting of the taking of crabs to the number which could be disposed of or consumed before July 5th in each year, so as to conserve and perhaps increase the supply; as well as the simplifying of prosecutions for violations of the act

by taking away a possible wrongful use of the defense of lawful possession during the closed season; and perhaps, also, the protection of the public health, which might be believed to be endangered by the marketing of cold storage crabs during the hot weather period.

After a careful and most painstaking investigation of the various authorities, we are convinced that the legislature intended the act to be construed according to its plain and ordinary meaning, and so as to give force to the whole act, including the proviso. And as the appellants were in possession, during the closed season, of a large quantity of crabs, contrary to the plain letter of the statute, without any purpose of home consumption, but with the admitted purpose of selling the same, either during the closed season or later, it follows that the court did not err in overruling the demurrer, or in the instructions given.

We find no error in the rejection of evidence.

The judgment is affirmed.

MAIN, C. J., PARKER, MITCHELL, MOUNT, and HOLCOMB, JJ., concur.

MACKINTOSH, J., took no part.

FULLERTON, J. (dissenting) — The statute under which the appellants were convicted reads in full as follows:

"It shall be unlawful for any person, firm or corporation to take or have in their possession for the purpose of selling or canning any female or any male crab measuring less than six and one-half inches across its back or to take or fish from any of the waters of the state or have in its possession after the same has been taken, for the purpose of selling or canning any crab, during the months of July, August and September of each year: Provided, that any such

person who has a crab in his possession caught during the month of June may retain the same in his possession lawfully until the fifth day of July thereafter: Provided, that nothing in this section shall prevent the taking of crabs for the consumption of the taker or his family or guests, at all times without a license, and it shall be unlawful for any person, firm or corporation to take or catch any crabs with beam trawl or drag seine." Rem. Code, § 5150-101.

The majority construe this statute to mean that it is unlawful merely to have in possession crabs during the months named as a closed season. I cannot so read it. To do so, it seems to me, is to eliminate the qualifying phrase "for the purpose of sale or canning." In other words, the statute, as I read it, does not prohibit the mere possession of crabs during the closed season, but makes it an offense to have them in possession for the purpose of sale or canning during that period. That mere possession of crabs during the closed season is not unlawful is shown by the second proviso, since under it one may have crabs in his possession for his individual use during that period. Nor is the possession unlawful because the possessor may intend to sell or can them after the closed season is over. The prohibition is against possession for the purpose of selling or canning during that period. The statute is punitory, and its words should not be extended beyond their natural or obvious meaning.

I am aware that these qualifying words are not given effect by the majority because of the first of the provisos attached to the statute. But this is not the office of a proviso.

"A proviso attached to a statute is not a part of, but a restraint upon, an exception to, or a modification of some word or phrase of an act. Sutherland, Stat.

Constr. 222; Black, Interpretation of Laws, 270; *The Matter of Webb,* 24 How. Pr. 247. In other words, a proviso or an exception to a general statute involving no uncertainty and doubt cannot be held, nor can words be selected therefrom, to add to the declaration of the subject-matter expressed in the body of the act." *Tsutakawa v. Kumamoto,* 53 Wash. 231, 101 Pac. 869, 102 Pac. 766.

" 'The office of a proviso is not to enlarge or extend the act or section of which it is a part, but rather to put a limitation and a restraint upon the language which the lawmaker has employed'." *Laidlaw v. Portland, Vancouver, etc. R. Co.,* 42 Wash. 292, 84 Pac. 855.

"It is argued that the proviso in this section broadens this evident limited meaning of the language preceding in the body of the section, because there is in the proviso the words 'any public street, road or highway in this state.' Viewed superficially, this may seem a plausible argument, but its force is broken when we are reminded that the purpose of a proviso is not to broaden the meaning of language found in the main body of the act, but rather to limit the meaning of such language or except from its operation some specified objects or things." *Bartlett v. Lanphier,* 94 Wash. 354, 162 Pac. 532.

"A constitutional or statutory proviso is a restraint or limitation upon, not an addition to, that which precedes it." *State v. Collins,* 94 Wash. 310, 162 Pac. 556.

"A proviso repugnant to the enacting part of a statute is void, . . ." *State ex rel. Board of Tax Com'rs v. Cameron,* 90 Wash. 407, 156 Pac. 537.

Seemingly, the majority rule also that, while a proviso may not in itself modify, change or eliminate any part of the body of the act, it may be considered to gather the legislative intent, and if in considering it the intent appears to be something different from that which the words express, the words may be eliminated

to give effect to the intent. This seems to me unsound. Clearly it is as much to let the proviso control the substantive part of the act, if we read out qualifying words by reason of legislative intent gathered from the proviso, as it is to read them out because of direct contradictory provisions contained therein.

I do not know that I understand the reference made to the authorities cited in the majority opinion. If it is meant to be said that the courts from the states cited sustain the contention that a statute making it a criminal offense to have in possession fish or game during a closed season is constitutional and enforcible, I agree with the contention, and agree also that the courts of the states referred to so hold. But if it is meant to be asserted that these courts hold that a statute making it an offense to have in possession for the purpose of sale fish or game during the closed season is to be construed as making it an offense to have such game or fish in possession merely during that season, I cannot agree with the assertion. I can find none which so hold, and assuredly those to which specific reference is made do not do so. In *State v. Schuman,* 36 Ore. 16, 58 Pac. 661, 78 Am. St. 754, 47 L. R. A. 153, the question was whether a statute making it an offense ''to sell, offer for sale, or have in possession for the purpose of sale, any trout at any time,'' was violated by offering for sale trout caught in another state and brought into the state whose statutes contained the prohibition. It was held that it was, but the court did not, even by an *obiter* declaration, say that, under the statute, it was an offense merely to have trout in possession. In *State v. Pulos,* 64 Ore. 92, 129 Pac. 128, the statute made it unlawful in certain counties, at any time between January 15 and September 1 of any year, to have in possession

any wild duck, and it was held an offense to have in possession any such duck in the closed season, although killed during the open season. I concede this case to be rightly decided, but it is far from holding that a statute which prohibits the possession of game for the purpose of sale during a closed season is violated by merely having such game in possession during the closed season.

I may add that my construction of the statute was the primary view of the prosecuting attorney, who conducted the prosecution of the appellants. He not only, in his information, charged the appellants with the possession of crabs during the closed season "for the purposes of sale," but, at the trial, submitted proofs of specific sales during the closed season to substantiate the allegation. The error committed at the trial arose from the charge of the court to the jury, which was to the effect that possession alone during the prohibited season constituted an offense under the statute. This, in my opinion, was error, and the judgment should be reversed and the case remanded for a new trial.

CHADWICK, J., concurs with FULLERTON, J.