29722. CITY COUNCIL OF AUGUSTA, for use, *v.*
GARRISON *et al.*

DECIDED OCTOBER 10, 1942.

*Pierce Brothers, John F. Hardin,* for plaintiff.
*Nathan Jolles, Isaac S. Peebles Jr.,* for defendants.

SUTTON, J. 1. Independently of the question whether a municipality has the right by ordinance to require of one using an automobile on its city streets, in making delivery of goods purchased at his place of business, the payment of a "tax" or license fee for such use of its streets and the execution to it of a bond with surety thereon for the benefit of any one injured by the licensee's negligent use of the said automobile, a municipal ordinance being without extraterritorial operation (2 McQuillin on Municipal Corporations, 723, § 693; *Taylor* v. *Americus, 39 Ga.* 59), such a bond does not apply to injuries sustained outside the limits of the municipality. 1 Blashfield's Automobile Law, 128, § 142; City of Providence v. Laurence, 44 R. I. 246 (116 Atl. 664, 22 A. L. R. 888). See Bartlett v. Lanphier, 94 Wash. 354 (162 Pac. 532).

2. In the suit brought by the City Council of Augusta, for the use of a named person, against an individual licensee and her surety on a bond executed by them, as required by the city, in order that the principal might engage in the delivery by automobile of goods purchased at her place of business, the obligation of the bond being to pay all damages sustained by any person injured by the licensee's negligent operation of the automobile, the petition as amended affirmatively showed that the injuries of the usee were sustained outside of the limits of the municipality, and the court did not err in sustaining the general demurrers of the defendants on the ground that the petition as amended did not set forth a cause of action.

*Judgment affirmed. Felton, J., concurs. Stephens, P. J., dissents.*

STEPHENS, P. J., dissenting. I am of the opinion that under the allegations of the petition the injuries to Charles G. Crawford are covered by the bond executed by the defendant, Mrs. Garrison, with J. Clark Jack as surety. While Mrs. Garrison was charged a license fee by the City of Augusta to transact business with her truck within the city, which business necessitated her operating her truck from a point immediately without the city limits into the City of Augusta, and was required by the city to give a bond to indemnify any one injured by the operation of her truck pursuant to the business for which she was licensed by the city, it would seem that an injury to a person just outside the city limits by the negligent operation of Mrs. Garrison's truck in pursuit of the business for which she was licensed, which was covered by the bond, comes within the coverage of the bond; and that where a case of negligence is made out, as appears in the allegations in the petition, there is a liability against Mrs. Garrison as principal, and J. Clark Jack as surety on the bond. I am of the opinion that the petition set out a cause of action, and the court erred in sustaining the demurrer.